UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GEORGE S. SCHULER,

    Petitioner,

v.                                        Case No. 5:03-cv-267-Oc-10GRJ

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____

## ORDER OF DISMISSAL

Petitioner initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Respondent filed a Response suggesting that the Petition should be dismissed as time-barred (Doc. 10). The Petitioner filed a reply and supplemental replies contending that he is entitled to the benefit of equitable tolling of the limitations period because he was transferred among several prisons, did not have access to his legal materials, and was hospitalized for a period of time. For the following reasons, the Court concludes that the Petition is time-barred and therefore must be dismissed.

## State Proceedings

The Petition stems from Petitioner's March 2000 convictions following a jury trial of two counts of robbery with a firearm, for which he received consecutive sentences of 30 years' imprisonment (Count I) and 10 years' imprisonment (Count

II). App. tab A. Petitioner timely appealed, and the state appellate court affirmed on August 21, 2001, with the mandate issuing on September 7, 2001. Id. tab E.

On September 10, 2001, Petitioner filed a Rule 3.850 motion, which the trial court summarily denied on September 27, 2001. Id. tabs F, G. The state appellate court affirmed on November 20, 2001, and mandate issued on January 24, 2002. Id. tab I. On July 8, 2002, Petitioner filed a state habeas corpus petition, which was denied on August 8, 2002. Id. tabs J, K. Petitioner executed the instant federal habeas corpus Petition on June 9, 2003, together with a Motion seeking an enlargement of the federal habeas corpus filing period, which the Court denied. Docs. 1, 2, 4.

## One-Year Limitation

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"[1] The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances."[2]

---

[1] 28 U.S.C. § 2244(d)(1).

[2] 28 U.S.C. § 2244(d)(2); Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).

The record reflects that Petitioner's conviction became final 90 days after September 7, 2001, or on December 6, 2001.[3] At that time, Petitioner had a state post-conviction motion pending and thus the federal habeas corpus filing period was tolled until January 24, 2002, when the mandate issued on Petitioner's appeal in the post-conviction proceeding. From January 24, 2002, until July 8, 2002, when Petitioner filed a state habeas corpus petition, 166 days of the federal filing period elapsed. The federal filing period was tolled until August 8, 2002, when his habeas corpus petition was denied. Because 199 days remained of the federal habeas filing period, in order to be timely Petitioner's federal habeas corpus Petition was due to be filed by February 24, 2003,[4] and the instant Petition filed on June 9, 2003, is clearly untimely.

Petitioner contends that he is entitled to equitable tolling of the limitations period because he was transferred six times since March 2003, resulting in delays in receiving legal mail and limited law-library access, and was hospitalized in April 2003. Doc. 13.

Equitable tolling is appropriate when "extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition."[5]

---

[3] See Bond v. Moore, 309 F.3d 770 (11th Cir. 2002) (Petitioner has ninety days to seek certiorari in Supreme Court after direct review in state courts).

[4] The 199th day, February 23, was a Sunday.

[5] Diaz v. Sec'y for Dept. of Corr., 362 F.3d 698, 700 (11th Cir. 2004) (quoting Helton v. Sec'y for Dept. of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001) (internal quotations omitted).

This means that the Petitioner must show that the untimeliness of his petition was "<u>both</u> beyond his control and unavoidable even with due diligence."[6]

Under the circumstances presented, the Court is unpersuaded that the Petitioner is entitled to this extraordinary relief. The reasons cited by Petitioner for filing an untimely petition arose after the federal limitations period expired in February 2003. Petitioner's assertion that he is entitled to an additional 90 days to account for the time to seek a Supreme Court writ of certiorari is without merit; the additional time applies in order to determine when Petitioner's conviction became final after the conclusion of direct state court review, and has been accounted for as explained above.[7] The record does not support a determination that the untimeliness of the Petition was both beyond Petitioner's control and that he exercised due diligence in attempting to meet the one-year filing deadline.[8]

## **Conclusion**

For the reasons set forth in this Order, the Petition is **DISMISSED as time-barred**. The Clerk is directed to enter judgment dismissing this case with prejudice,

---

[6] <u>Johnson v. United States</u>, 340 F.3d 1219, 1266 (11th Cir. 2003) (§ 2255 case) (emphasis added).

[7] <u>See</u> 28 U.S.C. § 2244(d)(1); <u>Bond</u>, 309 F.3d at 773.

[8] <u>See</u> <u>Johnson</u>, 340 F.3d at 1266.

terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 18th day of May 2006.

_____
UNITED STATES DISTRICT JUDGE

c: George S. Schuler
   Respondent